## CIRCUIT COURT OF FAIRFAX COUNTY

Bobby Makheja

v.

Chaya Kundra

April 3, 1996

Case No. C138844

BY JUDGE J. HOWE BROWN

This matter came before me on March 13, 1996, upon the complainant's Plea in Bar. Based upon the evidence and arguments presented at trial, the briefs submitted by the parties, and the relevant case law, I deny the complainant's Plea in Bar.

The complainant, Bobby Makheja ("Husband"), originally filed a sworn Bill of Complaint seeking a divorce from the defendant, Chaya Kundra ("Wife"), with this Court on April 3, 1995. In the Bill of Complaint, Husband alleged that "complainant and defendant were lawfully married on January 15, 1995, in Springfield, Virginia, County of Fairfax, U.S.A." On April 28, 1995, Wife filed an Answer and a Cross-Bill alleging that "the parties were lawfully married on January 14, 1995, in Springfield, County of Fairfax, Virginia." Subsequently, Husband filed an Answer to the Cross-Bill and a Plea in Bar, alleging that no valid marriage occurred.

Most of the relevant facts are not contradicted. The marriage was arranged by the families of Husband and Wife, as is customary in Indian culture. Husband and Wife obtained a valid marriage license in Fairfax County, Virginia, and an elaborate Hindu marriage ceremony was conducted in Washington, D.C., on January 14, 1995. That ceremony was conducted by a Hindu priest ("Sharma"), who was authorized to perform religious marriages in Virginia but not in D.C. Following the ceremony, Husband and Wife spent the night together and consummated the marriage. The next day, January 15, 1996, they went with the mother of

Husband to Sharma's house, which is located in Burke, Virginia. The parties dispute the events that occurred at Sharma's house; however, they do agree on two critical points. First, no valid Hindu religious ceremony was conducted at Sharma's house. Second, at the request of Husband and Wife, Sharma completed and signed the marriage certificate (plaintiff's exhibit 3) and gave it to the parties. The following day, before departing on their honeymoon, Husband gave the marriage certificate to his father and instructed him to mail it to the Fairfax County Courthouse, which he did. Husband and Wife then left on their honeymoon and began their life together, all the time believing that they were married.

Neither counsel presents any case setting out what is required for a marriage, and no such case is found. On the basis of what law exists, I find that the intent of both parties to be married, coupled with the preparation and signing of a valid marriage certificate by a person authorized to perform marriages is sufficient to legally bind Husband and Wife in marriage. Both of these elements are present in this case.

"The presumption of marriage from cohabitation apparently matrimonial is one of the strongest presumptions known to the law." *Reynolds v. Adams*, 125 Va. 295, 307 (1919). Once the presumption is established, "it can be repelled only by the most cogent and satisfactory evidence." *Id.* at 308. Based upon the evidence, this Court finds that the parties were married and are recognized as married under the laws of the Commonwealth of Virginia.

In finding that the parties are married, this Court refuses to look behind the marriage license and examine the authenticity of any ceremony that was performed. Civil law does not require any particular form of marriage ceremony, *see Alexander v. Kuykendall*, 192 Va. 8, 11 (1951), and this Court is not in the position to review the ceremony to ensure that the ceremony complied with the requirements of the Hindu religion. The marriage license is signed by Sharma, who is licensed by the Commonwealth of Virginia to perform religious ceremonies. Pursuant to § 20-31 of the Code of Virginia, any defect, omission, or imperfection in the license does not affect the validity of the marriage.

Upon finding that the parties are married, the complainant's Plea in Bar is denied.